Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001078
24-JUN-2014
09:34 AM

NO. CAAP-12-0001078

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CLARK REALTY CORPORATION and HENRY G. AKONA, JR.,
as General Partner of the Henry F. Akona Partnership,
Plaintiffs/Counterclaim Defendants-Appellants,
v.
HENRY F. AKONA TRUST, FRANCIS H. PANG,
DIANA MAY PANG DEABLER, HENRIETTA M.L. PANG,
LELAND M.S. PANG and JERALD M.S. PANG, and DOES 1-10,
Defendants/Counterclaimants-Appellees

---

FRANCIS H. PANG, DIANA MAY PANG DEABLER,
HENRIETTA M.L. PANG, LELAND M.S. PANG
and JERALD M.S. PANG,
Counterclaimants-Appellees,
v.
CLARK REALTY CORPORATION and HENRY G. AKONA, JR.,
Counterclaim Defendants-Appellants
and
PUTMAN DAMON CLARK,
Additional Counterclaim Defendant-Appellant,
and
ROBERT TRIANTOS, SUCCESSOR TRUSTEE OF THE WARD K. KUWADA TRUST,
and DOE DEFENDANTS 1-5,
Additional Counterclaim Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 09-1-486K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we do not have jurisdiction over this appeal that Defendant-Appellant Henry F. Akona Trust (Appellant Henry F. Akona Trust) and Defendant/Counterclaim-Plaintiff/Third-Party Plaintiff/Appellant Francis H. Pang (Appellant Francis Pang) have asserted from the Honorable Ronald Ibarra's January 24, 2013 second amended judgment, because the January 24, 2013 second amended judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008).

Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).

When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i has noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court.  Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis; citation omitted).  Although this case involves multiple claims in

- Plaintiffs/Counterclaim-Defendants/Appellees Clark Realty Corporation (Appellee Clark Realty Corporation) and Henry G. Akona, Jr.'s (Appellee Henry G. Akona), October 26, 2010 first amended complaint against Appellant Henry F. Akona Trust, Appellant Francis Pang, and Defendants/ Counterclaim-Plaintiffs/Third-Party Plaintiffs/ Appellees Diana May Pang Deabler, Henrietta M.L. Pang, Leland M.S. Pang, and Jerald M.S. Pang (the Pang Appellees),

- Appellant Francis Pang and the Pang Appellees' June 1, 2011 amended counterclaim against Appellees Clark Realty Corporation and Henry G. Akona, and

- Appellant Francis Pang and the Pang Appellees June 1, 2011 third-party complaint (which the parties incorrectly called an amended "counterclaim") against Third-Party Defendants-Appellees Putman Damon Clark (Appellee Putman Damon Clark) and Robert Triantos (Appellee Triantos) (both of whom the parties incorrectly referred to as "additional counterclaim defenants"),

the January 24, 2013 second amended judgment[1] enters judgment in

---

[1]     Incidentally, the January 24, 2013 second amended judgment also confusingly appears to enter judgment as to Appellant Francis Pang and the Pang Appellees' January 7, 2010 counterclaim against Appellees Clark Realty Corporation and Henry G. Akona, with apparently incorrect references to the count numerals in the January 7, 2010 counterclaim, despite that Appellant Francis Pang and the Pang Appellees amended and superceded their January 7,

-3-

favor of and against some, but not all, parties, and yet the January 24, 2013 second amended judgment does not expressly dismiss all of the claims as to all of the remaining parties that the January 24, 2013 second amended judgment does not identify in the judgment language, such as the Pang Appellees and Appellee Triantos.

Granted, where parties stipulate to dismiss claims pursuant to HRCP Rule 41(a)(1)(B), "a separate judgment is neither required nor authorized, inasmuch as a plaintiff's dismissal of an action, by filing a stipulation of dismissal signed by all parties [pursuant to HRCP Rule 41(a)(1)(B)], is effective without order of the court." Amantiad v. Odum, 90 Hawai'i 152, 158 n.7, 977 P.2d 160, 166 n.7 (1999) (internal quotation marks and brackets omitted). Nevertheless, despite that the circuit court entered a July 26, 2011 "stipulation," purportedly pursuant to HRCP Rule 41(a)(1)(B), to dismiss the Pang Appellees from this case, the July 26, 2011 "stipulation" is not "signed by all parties who have appeared in the action," as HRCP Rule 41(a)(1)(B) expressly requires for a stipulation to dismiss claims without an order of the circuit court, and, thus, the July 26, 2011 "stipulation" does not qualify as an HRCP Rule 41(a)(1)(B) stipulation to dismiss claims without an order of the court. We note that the presiding judge signed the July 26, 2011 "stipulation" as "approved and ordered[,]" which, because not all the parties signed the document to make it an effective stipulation, renders this document a circuit court

_____

2010 counterclaim by filing their June 1, 2011 amended counterclaim.

-4-

dispositive order, i.e., a dismissal order. The holding in Jenkins requires the circuit court to reduce this dismissal order (as well as all other dispositive orders) to a separate judgment, which, in this case, is the January 24, 2013 second amended judgment. See Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 ("An appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]"). The judgment should not simply refer to any past dismissal order but, instead, the judgment should contain operative language that, on its face, effectively dismisses the claim or claims, so that an appellate court can determine from the face of the judgment, alone, exactly how the judgment resolves each and every claim. The judgment itself must resolve each and every claim. The appellate court should not have to search through the record on appeal for other evidence (such as past dismissal orders or past summary adjudication orders) of finality. Therefore, the Supreme Court of Hawai'i has explained that

> [i]f the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). The January 24, 2013 second amended judgment does not either enter judgment on or dismiss all claims in this case, such as the claims by and/or against the Pang Appellees and Appellee Triantos.

"[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. at 119, 869 P.2d at 1338 (original emphasis). Because the January 24, 2013 second amended judgment

- neither expressly resolves, on its face, all claims against all parties in this case,
- nor contains an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims pursuant to HRCP Rule 54(b),

the January 24, 2013 second amended judgment does not satisfy the requirements for an appealable final judgment under HRCP Rule 58 and the holding in Jenkins. Absent an appealable final judgment in this case, the appeal is premature and we lack jurisdiction over appellate court case number CAAP-12-0001078.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-12-0001078 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 24, 2014.


Presiding Judge


Associate Judge


Associate Judge


-6-